**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

───────────────────────────────

RAYMOND L. JACKSON,

                              Plaintiff,

           v.

                                                    No. 1:23-CV-130
LT. COL. SCOTT A. WILCOX,                          (MAD/CFH)


                              Defendant.

───────────────────────────────

**APPEARANCES:**

Raymond L. Jackson
15-A-3740
Fishkill Correctional Facility
P.O. Box 1245
Beacon, New York 12508
Plaintiff pro se

## REPORT-RECOMMENDATION AND ORDER

### I. Background

Plaintiff pro se Raymond L. Jackson ("plaintiff") purported to commence this action on January 30, 2023, by filing a complaint. See Dkt. No. 1 ("Compl."). Plaintiff did not pay the filing fee for his complaint or submit a motion to proceed in forma pauperis ("IFP"), and the Court administratively closed the action. See Dkt. No. 4. The Court ordered plaintiff to either pay the full $402.00 filing fee or to submit a complete IFP application. See id. Plaintiff then filed an IFP application. See Dkt. No. 6. The Court reopened, but then again closed, the case for failure to submit a complete and certified application. See Dkt. Nos. 7, 8. On March 13, 2023, plaintiff filed a complete IFP application. See Dkt. Nos. 9, 10. The undersigned has reviewed plaintiff's IFP

motion and determines that he financially qualifies to proceed IFP for the purpose of filing.[1]

## II. Initial Review

### A. Legal Standard

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his [or her] submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (citation and internal quotation marks omitted). This does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds on which these claims are based. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Pro se

---

[1] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action.

litigants are "not exempt . . . from compliance with relevant rules of procedural and substantive law[.]" Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought . . . ." FED. R. CIV. P. 8(a)(1), (3). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d)(1).

Further, Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or

occurrence – and each defense other than a denial – must
be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of
identification for referring to a particular paragraph in a prior pleading[.]"  Flores, 189
F.R.D. at 55 (internal quotation marks and citations omitted).  A complaint that fails to
comply with the pleading requirements "presents far too [] heavy [a] burden in terms of
defendants' duty to shape a comprehensive defense and provides no meaningful basis
for the Court to assess the sufficiency of their claims."  Gonzales v. Wing, 167 F.R.D.
352, 355 (N.D.N.Y. 1996).  The Second Circuit has held that "[w]hen a complaint does
not comply with the requirement that it be short and plain, the court has the power, on
its own initiative . . . to dismiss the complaint."  Salahuddin v. Cuomo, 861 F.2d 40, 42
(2d Cir. 1988) (citation omitted).  However, "[d]ismissal . . . is usually reserved for those
cases in which the complaint is so confused, ambiguous, vague, or otherwise
unintelligible that its true substance, if any, is well disguised."  Id. (citation omitted).  If
dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff
leave to amend the complaint.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir.
1995).

**B. Plaintiff's Complaint**

Plaintiff seeks to bring this action against Lieutenant Colonel Scott A. Wilcox, a
New York State Trooper, for purported statutory violations and violations of his
constitutional rights pursuant to 42 U.S.C. § 1983.  See generally Compl.

Plaintiff alleges that he filed a request under New York's Freedom of Information
Law ("FOIL") to the New York State Police headquarters in Albany, New York, for
"information in regards to three (3) criminal sale's in plaintiff's criminal case."  Compl. at

2.  In a letter dated December 19, 2016, Wilcox "made available (2) JPEG images burned on CD/DVD, and contact sheet for the criminal sales for a total of $75.00." Id. Plaintiff paid the requested amount and Wilcox sent a follow-up letter on February 14, 2019, confirming receipt of the money.  See id.  Plaintiff alleges that he did not receive the documents he paid for.  See id.  Plaintiff subsequently filed two Article 78 petitions which were unsuccessful.  See id.  The first petition was dismissed "for failure to provide the A.G. Office[]" and the second petition was denied "for procedural process." Id. They were denied on October 15, 2019, and January 4, 2021, respectively.  See id. Plaintiff alleges that he appealed to the Appellate Division and both appeals were dismissed.  See id. at 2-3.  The Court of Appeals then informed plaintiff on February 23, 2022, that unless he "can show motion to leave appeal, proof of service, timeliness of an appeal, and a Notice of Entry from the 3rd Dep't etc. plaintiff cannot appeal." Id. at 3.

Plaintiff contends that "[t]he Appellate Court failed to hear the case on it[s] merits leaving [him] with nowhere else to[] go."  Compl. at 3.  Plaintiff asserts that the appellate "process is fundamentally inadequate to protect plaintiff substantive rights to a fair procedural due process protection." Id.  Plaintiff "seeks injunction [sic] relief and declaratory judgment [h]opefully to obtain the evidence." Id.  Plaintiff asserts that Wilcox was acting under the color of state law and violated a "statutory law", plaintiff's "liberty interest of life a U.S. Const. of a substantive right of a fair procedural due process", and his "substantive rights and procedural due process right of equal protection of the U.S. Const. and N.Y.S. Const." Id. at 4.  Plaintiff asks the Court to "compel NYSP Agency to turn over the documents so that the plaintiff can challenge his state conviction." Id. at 5.

### C.  Additional Background

Plaintiff filed two Article 78 petitions both of which sought to compel Wilcox to produce specific evidence in response to plaintiff's FOIL request.  See Jackson v. Wilcox, 136 N.Y.S.3d 696, 2, n.1 (Sup. Ct. 2021) (Table).  Plaintiff's first petition was dismissed on October 19, 2019, for lack of jurisdiction.  See id. at 2.  His second was dismissed on January 4, 2021, because it was untimely filed.  See id.  However, the Albany County Supreme Court analyzed the merits of plaintiff's petition assuming that it was timely and determined that "there is no merit to his Petition."  Id. at 3.  The court concluded that "[t]he record amply establishes that the respondent provided the petitioner with all the information it was required to provide[]" because plaintiff "admitted on several occasions that he has been provided with the images he sought, and made no attempt to differentiate between hard copy photos, contact sheets, or CD/DVD."  Id. The court stated that plaintiff's "argument that sought images might be altered on the hard copy photos, but not on the CD/DVD is nonsensical."  Id. Thus, the court concluded that plaintiff "failed to demonstrate that the respondent has not fully complied with his FOIL request, and his Petition must also be denied on the merits."  Id.

On February 3, 2020, plaintiff filed a complaint in this Court under 42 U.S.C. § 1983 seeking the exact same relief that he presently seeks.  See Jackson v. Wilcox, et al., 1:20-CV-110 (MAD/ATB), Dkt. No. 1 at 12.  Following initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed plaintiff's complaint without prejudice for lack of subject matter jurisdiction.  See id., Dkt. Nos 7, 9.  The Court explained, "to the extent that [p]laintiff's claims are premised on a violation of New York State FOIL, it is well settled that such a claim, standing alone, is insufficient to

support a Section 1983 claim." Jackson v. Wilcox, No. 1:20-CV-110 (MAD/ATB), 2020 WL 1899142, at *2 (N.D.N.Y. Apr. 17, 2020).[2]

On September 24, 2021, the Appellate Division, Third Department, denied plaintiff motions to proceed as a poor person and for FOIL relief, but granted his application for time to perfect his appeal.  See Raymond L. Jackson v Lt. Col. Scott A. Wilcox New York State Police, 2021 NY Slip Op 72455 (App. Div. Sept. 24, 2021).  On July 22, 2022, the Appellate Division denied plaintiff's motion for an Article 78 petition. See Raymond L. Jackson v Lt. Col. Scott A. Wilcox New York State Police, 2022 NY Slip Op 69225 (App. Div. July 22, 2022).  Then, on December 8, 2022, the court denied plaintiff's "[m]otion to vacate dismissal of appeal, for extension of time to perfect appeal and for further relief."  Raymond L. Jackson v Lt. Col. Scott A. Wilcox, N.Y. State Police, 2022 NY Slip Op 75394 (App. Div. Dec. 8, 2022).[3]

### D.  Analysis

The doctrine of res judicata bars an individual from relitigating the same things if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."  Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot., 882 F.3d 52, 55 (2d Cir. 2018) (quoting Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000)).

---

[2] On December 13, 2019, plaintiff filed a habeas corpus petition stating, among other things, that he filed an Article 78 petition "hoping to receive a tangible document of the CD jpeg disc, and contact sheet to bolster a stronger argument and to show the claims have merits."  Jackson v. Capra, 9:19-CV-1542 (DNH/CFH), Dkt. No. 9 at 4-5.  Plaintiff's petition for a writ of habeas corpus is fully briefed and pending the Court's review.  See id., Dkt. No. 72.

[3] New York State court decisions can be searched through the following website: https://nycourts.gov/reporter/Decisions.shtml.

There is no question that prongs two and three are satisfied here by plaintiff's previous § 1983 action: it involved the same plaintiff and identical claims were raised. Compare Compl. at 5, with Jackson, 2020 WL 1899142, at *1.[4]  However, the 2020 action was dismissed without prejudice for lack of subject matter jurisdiction and "[a] dismissal without prejudice for lack of subject matter jurisdiction is not a dismissal 'on the merits' for claim preclusion purposes."  Diaz v. Judge Advoc. Gen. of the Navy, 413 F. App'x 342, 343 (2d Cir. 2011)[5]  (summary order) (citations omitted); St. Pierre v. Dyer, 208 F.3d 394, 400 (2d Cir. 2000) ("[A] dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and hence has no res judicata effect."); Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007) (citation and quotation marks omitted) ("Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case.").  As plaintiff's previous § 1983 action was dismissed without prejudice for lack of subject matter jurisdiction, it does not bar the Court from considering his present complaint.

However, as was determined in his 2020 action, this Court lacks jurisdiction to review the merits of plaintiff's present complaint as it is based on the alleged denial of his FOIL request.  See Jackson, 2020 WL 1899142, at *2.  This is because "[i]t appears that federal district courts do not have jurisdiction to consider FOIL claims."  Jeanty v. Utica Police Dep't, No. 6:20-CV-00221 (BKS/TWD), 2021 WL 1055153, at *4 (N.D.N.Y.

---

[4] Plaintiff named additional defendants, not only Wilcox, in his 2020 complaint.  See Jackson v. Wilcox, No. 1:20-CV-110 (MAD/ATB), 2020 WL 871180, at *2 (N.D.N.Y. Feb. 21, 2020), report and recommendation adopted, 2020 WL 1899142 (N.D.N.Y. Apr. 17, 2020).

[5] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.  The undersigned will not provide plaintiff copies of the unpublished cases that are his, such as the state court cases, the 2020 §1983 action, or his writ for a habeas corpus petition.

Mar. 19, 2021) (collecting cases), appeal dismissed, No. 21-1797, 2021 WL 5071864 (2d Cir. Aug. 26, 2021); see also Ataroua v. Tamir, No. 22-CV-10371 (LTS), 2022 WL 17822720, at *3 (S.D.N.Y. Dec. 19, 2022) ("[The p]laintiff's allegations that, in 2021, [defendants] . . . did not respond to letters about his FOIL requests that were directed to them personally, do not indicate that [the p]laintiff can establish any right to relief that turns on resolution of a question of federal law."); Cammarata v. City Univ. of N.Y., No. 17-CV-6456 (MKB), 2019 WL 3859401, at *9 (E.D.N.Y. Aug. 15, 2019) (citations omitted) ("Federal courts, however, do 'not have jurisdiction to enforce state laws granting public access to official state records.'"); Youngs v. Orange Cnty. Sheriffs Org., No. 22-CV-4918 (LTS), 2022 WL 4124796, at *3 (S.D.N.Y. Sept. 2, 2022) ("[The p]laintiff's allegation that his FOIL request for video footage was denied does not give rise to a constitutional claim, and thus the facts alleged do not state a viable Section 1983 claim."). Rather, "[t]he appropriate vehicle for challenging denials of access guaranteed by the New York Freedom of Information Law is a state court proceeding pursuant to N.Y.C.P.L.R. Article 78 upon exhaustion of administrative remedies." Ramos v. Culick, No. 6:16-CV-01312 (FJS/TWD), 2017 WL 835406, at *4 (N.D.N.Y. Feb. 9, 2017) (quoting Schuloff v. Fields, 950 F. Supp. 66, 67-68 (E.D.N.Y. 1997)), report and recommendation adopted, 2017 WL 823580 (N.D.N.Y. Mar. 2, 2017); see also Posr v. City of New York, No. 10-CV-2551, 2013 WL 2419142, at *14 (S.D.N.Y. June 4, 2013) (finding that the court was "without jurisdiction to consider [p]laintiff's FOIL-related claims" because the proper remedy would be through "an administrative appeal or seek remedies in state court"), aff'd sub nom., Posr v. Ueberbacher, 569 F. App'x 32 (2d Cir. 2014) (summary order); Abreu v. Bascue, No. 9:18-CV-0186

9

(MAD/ATB), 2018 WL 11466956, at *25 (N.D.N.Y. May 1, 2018) ("[A] violation of New York State FOIL does not give rise to a federal claim under 42 U.S.C. § 1983.  Rather, plaintiff's remedy for an alleged violation of FOIL is to follow procedures set forth in state laws or regulations.").

      As courts have repeatedly held that federal courts lack jurisdiction to review FOIL claims, this Court lacks jurisdiction to review Wilcox' alleged denial of plaintiff's FOIL request.  Thus, it is recommended that the complaint be dismissed without prejudice for lack of subject matter jurisdiction.

      The undersigned notes, however, that even if plaintiff could state a cognizable § 1983 claim from the alleged denial of his FOIL request, review of the claim would likely be barred by the statute of limitations.  "Congress did not statutorily create a limitations period for actions brought in federal court under 42 U.S.C. § 1983[.]"  Branch v. Guilderland Cent. Sch. Dist., 239 F. Supp. 2d 242, 248 (N.D.N.Y. 2003).  "[T]he Supreme Court held . . . that claims brought under § 1983 are governed by the limitations period for personal injury suits under the laws of state where the cause of action arose."  Id. (citing Lounsbury v. Jeffries, 25 F.3d 131, 133 (2d Cir. 1994)).  "In New York, the statute of limitations for personal injury actions, and thus claims under § 1983, is three years."  Id. (citations omitted).  "[W]hen that statute of limitations begins to run, i.e., when the cause of action 'accrues,' is governed by federal law."  Id. (citing Jaghory v. N.Y. State Dep't. of Educ., 131 F.3d 326, 331 (2d Cir. 1997)).  "Under federal law, the accrual date for a § 1983 claim is when 'the plaintiff knows or has reason to know of the injury which is the basis of his action.'"  Id. (quoting Pinaud v. Cty. of Suffolk, 52 F.3d 1139, 1156 (2d Cir. 1995)).

Plaintiff alleges that Wilcox acknowledged the receipt of plaintiff's payment but did not produce the specific evidence in response his FOIL request on February 14, 2019.  See Compl. at 2.  This means that plaintiff would have had until January 14, 2022, to bring a § 1983 action alleging due process and equal protection claims.  He did not bring this action until January 30, 2023.  See generally Compl.  Thus, any possible constitutional claims that plaintiff could bring would be time barred.  This is the case even though he filed Article 78 proceedings and appeals therefrom because such proceedings do not toll the statute of limitations for a § 1983 action.  See Abbas v. Dixon, 480 F.3d 636, 641 (2d Cir. 2007) ("[A] plaintiff's pursuit of a state remedy, such as an Article 78 proceeding, does not toll the statute of limitations for filing a claim pursuant to section 1983.").

Finally, even if the Court were to be able to consider the merits of plaintiff's complaint, the complaint would likely be dismissed for failure to state a claim.  For a due process claim, "[t]he threshold issue is always whether the plaintiff has a property or liberty interest protected by the Constitution."  Narumanchi v. Bd. of Trustees of Conn. State Univ., 850 F.2d 70, 72 (2d Cir. 1988).  "If a protected interest is identified, a court must then consider whether the government deprived the plaintiff of that interest without due process."  Id.  "As several courts in th[is] Circuit have held, 'a plaintiff has no property interest in obtaining FOIL documents.'"  Lawrence v. Baxter, No. 03-CV-228S, 2004 WL 1941347, at *3 (W.D.N.Y. Aug.31, 2004) (collecting cases) (citations omitted), aff'd, 139 F. App'x. 365 (2d Cir. 2005) (summary order).  "Specifically, because FOIL documents need only be produced after a request and investigation by the state entity, individuals making such request do not have anything beyond a mere expectation in

such documents, and, thus, do not have an entitlement to requested documents that is protected by the Fourteenth Amendment." Simpson v. Town of South Hampton, No. 06-CV-6743, 2007 WL 1755749, at *4 (E.D.N.Y. 2007); see also Abreu, 2018 WL 11466956, at *25 ("Multiple district courts in this circuit have held that a plaintiff has no constitutionally protected interest in obtaining FOIL documents.").

Further, "[t]he sufficiency of Article 78 proceedings to satisfy due process requirements is well established." Ramos, 2017 WL 835406, at *4 (citing, inter alia, Hellenic Am. Neighborhood Action Comm., 101 F.3d 877, 880-81 (2d Cir. 1996) ("An Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a § 1983 suit."); Davis v. Guarino, 52 F. App'x. 568, 569 (2d Cir. 2002) (summary order) (denial of a plaintiff's FOIL request did not violate due process because "an Article 78 proceeding is a perfectly adequate post-deprivation remedy.")). Thus, this Court has concluded that a plaintiff failed to assert a § 1983 claim for denial of a FOIL request because "the New York FOIL procedures are sufficient to protect any property interest [the p]laintiff may have in the receipt of FOIL documents." Id.; see also Lawrence v. Antonucci, No. 04-CV-356S, 2005 WL 643457, at *4 (W.D.N.Y. Mar. 16, 2005) ("[T]the procedures set forth under New York law are sufficient to protect any property interest that a person might have in the receipt of FOIL documents."), aff'd, 144 F. App'x 193 (2d Cir. 2005) (summary order).

Here, plaintiff summarily states, "[t]he appeal process is fundamentally inadequate to protect plaintiff['s] substantive rights to a fair procedural due process protection." Compl. at 3. However, he does not allege any facts indicating that the

process is inadequate; rather, he complains that the "[t]he Appellate Court failed to hear the case on it[s] merits[.]" Id. Plaintiff's disagreement with the state court decisions does not establish a due process claim. See Torres v. City of New York through New York City Dep't, 590 F. Supp. 3d 610, 618 (S.D.N.Y. 2022) (citation omitted) ("[F]or a procedural due process claim, 'the relevant inquiry is what process [the plaintiff] received, not whether the state court decided the case correctly.'"). Further, he has not asked for any relief concerning the state court decisions and instead names only Wilcox as a defendant and seeks relief from his denial of the FOIL request.[6] See Compl. at 4-5. As plaintiff does not have a property interest in the FOIL documents, the sufficiency of Article 78 proceedings is well-established, and plaintiff has not stated any facts indicating that the state appellate procedures were inadequate, any possible due process claim against Wilcox would fail as a matter of law.

To the extent plaintiff summarily mentions "equal protection", to state such a claim, plaintiff must plead "adverse treatment of individuals compared with other similarly situated individuals and that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Compl. at 4; Terrill v. Windham-Ashland-Jewett Cent. Sch. Dist., 176 F. Supp. 3d 101, 110 (N.D.N.Y. 2016) (quoting Miner v. Clinton County, 541 F.3d 464, 474 (2d Cir.

---

[6] Any potential challenge to the state court's Article 78 decision or appeals would likely be barred by the Rooker-Feldman doctrine which prohibits a federal court's review of a state court decision in which the plaintiff lost. See Dorce v. City of New York, 2 F.4th 82, 101 (2d Cir. 2021) (citation and quotation marks omitted) ("[O]ur court has articulated four requirements that must be met for Rooker-Feldman to apply: (1) the federal-court plaintiff must have lost in state court[;] (2) the plaintiff must complain of injuries caused by a state-court judgment[;] (3) the plaintiff must invite district court review and rejection of that judgment[;] and (4) the state-court judgment must have been rendered before the district court proceedings commenced.").

2008)).  Plaintiff has not alleged any facts that could be construed as stating an equal

protection claim; thus, his complaint would likely be dismissed for failure to state a

claim.  See generally Compl.[7]

In sum, it is recommended that plaintiff's complaint be dismissed without

prejudice for lack of subject matter jurisdiction.  Generally, "[a] *pro se* complaint should

not be dismissed without the Court granting leave to amend at least once when a liberal

reading of the complaint gives any indication that a valid claim might be stated."

Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted).  "However, if the

problems with a complaint are 'substantive' rather than the result of an 'inadequately or

inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be

---

[7] The undersigned also notes that review of plaintiff's complaint is likely barred by res judicata because of the January 2021 Article 78 proceeding.  "The doctrine of claim preclusion . . . holds that 'a prior decision dismissed 'on the merits' is binding in all subsequent litigation between the same parties on claims arising out of the same facts, even if based upon different legal theories or seeking different relief on issues which were or might have been litigated in the prior action but were not.'"  N. Assur. Co. of Am. v. Square D Co., 201 F.3d 84, 87 (2d Cir. 2000) (citation omitted).  "The import of claim preclusion is that it operates in two ways: (1) it bars claims that were brought and decided in a prior litigation; and (2) it bars all other claims relating to the same transaction against the same defendant that could have been brought at that time."  Id.  "[G]enerally[,] res judicata 'does not operate to bar a § 1983 suit following the resolution of an Article 78 proceeding, since the full measure of relief available in the former action is not available in the latter.'"  D.B. v. Sullivan, No. 1:22-CV-282 (MAD/CFH), 2023 WL 2456070, at *6 (N.D.N.Y. Mar. 9, 2023) (quoting Colon v. Coughlin, 58 F.3d 865, 870 n.3 (2d Cir. 1995), abrogated on other grounds by Tangreti v. Bachmann, 983 F.3d 609 (2d Cir. 2020)).  However, plaintiff did not seek relief in his Article 78 proceeding that was unavailable in that proceeding, but available in a section 1983 action.  Rather, he sought identical relief in his Article 78 proceeding that he seeks here, and which was available in the Article 78 proceeding: for Wilcox to be compelled to produce specific evidence.  See Compl. at 5; see also Jackson, 136 N.Y.S.3d at 1-2; Vandor, Inc. v. Militello, 301 F.3d 37, 39 (2d Cir. 2002) (per curiam) ("Article 78 is a form of proceeding available to compel public officials to comply with their responsibilities."); N.Y.C.P.L.R. § 7806 ("The judgment may grant the petitioner the relief to which he is entitled, . . . and may direct or prohibit specified action by the respondent.").  As the Albany County Supreme Court ruled on the merits of plaintiff's petition in the January 2021 Article 78 proceeding, it is likely that his complaint is barred by res judicata.  See Jackson, 136 N.Y.S.3d at 2; see also D.B., 2023 WL 2456070, at *6 (explaining that in Kern v. Joyce, 857 F. App'x 691, 694 (2d Cir. 2021) (summary order), the Second Circuit determined that "the plaintiff's Section 1983 claims were barred by res judicata applied to a prior Article 78 proceeding because the plaintiff did not seek damages in federal court, but simply the same relief of vacating an ALJ's determination.").  However, the undersigned does not make a more definitive conclusion because it is not clear whether plaintiff raised his constitutional challenges in the Article 78 proceeding and whether the court treated his petition as a hybrid petition.  See D.B., 2023 WL 2456070, at *6 (explaining that res judicata may apply when the Article 78 proceeding was a "hybrid" proceeding which concerns relief that is and is not available in an Article 78 proceeding).

denied.'" <u>Edwards v. Penix</u>, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting

<u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000)).  As the problem with plaintiff's

complaint is substantive—the Court lacks subjective matter jurisdiction—amendment

would be futile.  <u>See</u> <u>Ramos</u>, 2017 WL 835406, at *4 (dismissing complaint alleging

improper denial of FOIL request without prejudice but without leave to amend); <u>see</u> <u>also</u>

<u>Kirschenbaum v. Fed. Ins. Co.</u>, 505 B.R. 126, 131 (E.D.N.Y. 2014) (citation omitted)

("An amendment is considered futile if, for example, it could not defeat a motion to

dismiss for failure to state a claim or for lack of subject matter jurisdiction."); <u>Johnson v.</u>

<u>Oneida Nation Enters., LLC</u>, No. 5:19-CV-853 (MAD/ATB), 2019 WL 5091952, at *2

(N.D.N.Y. Oct. 11, 2019) ("[A]mendment would be futile as [the p]laintiff has not alleged

any claims which would give the Court subject matter jurisdiction.").  Thus, it is

recommended that plaintiff's complaint be dismissed without prejudice, but without

leave to amend.


### III.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Dkt. No. 9) is

**GRANTED** for purposes of filing only; and it is further

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED**

**WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-

Recommendation and Order in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[8]

Dated:  April 3, 2023
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[8] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(c).