UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RAYMOND L. JACKSON,

                               **Plaintiff,**

   vs.                                                           1:23-CV-130
                                                                              (MAD/CFH)

LT. COL. SCOTT A. WILCOX, *NYSP/State Trooper*,

                               **Defendant.**
_____

**APPEARANCES:**                                                **OF COUNSEL:**

RAYMOND L. JACKSON
15-A-3740
Fishkill Correctional Facility
P.O. Box 1245
Beacon, New York 12508
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

       On January 30, 2023,[1] Plaintiff Raymond L. Jackson ("Plaintiff") filed a complaint with a jury demand. *See* Dkt. No. 1. On February 16, 2023, and again on March 13, 2023, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"). *See* Dkt. Nos. 6, 9. On April 3, 2023, Magistrate Judge Christian F. Hummel issued a Report-Recommendation and Order granting Plaintiff's request to proceed IFP and recommending the complaint be dismissed without prejudice and without leave to amend. *See* Dkt. No. 12. On April 24, 2023, Plaintiff filed an untimely

---

[1] On January 31, 2023, and February 27, 2023, Magistrate Judge Hummel entered orders directing administrative closure. *See* Dkt. Nos. 4, 8. The case was reopened on February 16, 2023, and most recently on March 13, 2023. *See* Dkt. Nos. 7, 11.

1

objection.  *See* Dkt. No. 13; Dkt. No. 12 (instructing Plaintiff to file within seventeen days of the sending of the Report-Recommendation and Order).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).  The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Govan*, 289 F. Supp. 2d at 295 (quoting *Taguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  However, as Plaintiff appears IFP, "the court shall dismiss the case at any time if the court determines ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  When a party declines to file objections to a magistrate judge's report-recommendation or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the district court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Plaintiff

failed to file a timely objection. However, even reviewing the subjects of the objections *de novo*, the Court adopts Magistrate Judge Hummel's findings in their entirety.

First, Plaintiff argues that Magistrate Judge Hummel utilized the wrong portion of *Jeanty v. Utica Police Dep't* in its analysis, and that the Court should exercise supplemental jurisdiction over this complaint as "the argument… arises out of the same controversy" of his pending *habeas corpus* petition. Dkt. No. 13 at 1; *see Jeanty v. Utica Police Dep't*, No. 6:20-CV-00221, 2021 WL 1055153, *4 (N.D.N.Y. Mar. 19, 2021). Magistrate Judge Hummel correctly quoted *Jeanty*'s finding "that federal district courts do not have jurisdiction to consider FOIL claims." *Jeanty*, 2021 WL 1055153, at *4. However, Plaintiff argues that Magistrate Judge Hummel utilized the wrong or inapplicable finding in *Jeanty* and should have instead applied the decision's section discussing supplemental jurisdiction. *See* Dkt. No. 13 at 1-2. The *Jeanty* court declined to exercise supplemental jurisdiction over the FOIL claims as the state claims and federal claims were unrelated. *Jeanty*, 2021 WL 1055153, at *4 (quoting *Sovereign Bank, N.A. v. Lee*, 968 F. Supp. 2d 515, 518 (E.D.N.Y. 2013) ("While the supplemental jurisdiction statute allows a district court to exercise jurisdiction over claims that are 'so related' that they 'form part of the same case or controversy,' 28 U.S.C. § 1367, that statute cannot form the basis for removal"). Here, too, the state law claims for FOIL denials and the federal claim for habeas relief are not connected by a "common nucleus of operative fact." *See Jeanty*, 2021 WL 1055153, at *4 (quoting *Young v. New York City Transit Auth.*, 903 F.2d 146, 164 (2d Cir. 1990)). As such, the Court declines to exercise supplemental jurisdiction.

Next, Plaintiff seems to argue that Magistrate Judge Hummel incorrectly found that his Article 78 petition was time barred, as Plaintiff claims it is nonsensical that the lower court found the petition was time-barred but still reviewed it in the alternative on the merits. *See* Dkt. No. 13

3

at 2. However, this was a recitation of the background of the complaint, rather than a finding by Magistrate Judge Hummel. As such, this "objection" is not pertinent to the matter at hand. Magistrate Judge Hummel recommended the complaint be dismissed for lack of federal subject matter jurisdiction over § 1983 cases relating to FOIL claims and for failure to state equal protection or due process claims. *See* Dkt. No. 12 at 6. As such, this is not an objection that the Court need address.

Magistrate Judge Hummel correctly determined that the Court lacks subject matter jurisdiction over the complaint as federal courts do not have jurisdiction over claims related to FOIL request denials. *See McTerrell v. Koenigsmann*, No. 18-CV-1028, 2021 WL 1298488, *1 (W.D.N.Y. Apr. 7, 2021) (quoting *Jeanty*, 2021 WL 1055153, at *4); *see also Rios v. Mantellino*, No. 16-CV-726, 2016 WL 927181, *2 (E.D.N.Y. Mar. 4, 2016) ("FOIL claims which are not resolved by the state or city agency must be brought in the New York State Supreme Court pursuant to Article 78 of the New York Civil Practice Law and Rules").

Even if Plaintiff had a cognizable claim for the FOIL request, such claim would likely be barred by the statute of limitations. *See* Dkt. No. 12 at 10. For § 1983 actions, "courts apply the statute of limitations for personal injury actions under state law," *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013), which is three years in New York State. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002). Plaintiff filed his claim nearly four years after the alleged injury, *see* Dkt. No. 1 at 2, and thus the claim is time-barred. Plaintiff's Article 78 petitions did not toll the statute of limitations. *See Brown v. Bullis*, No. 9:11-CV-647, 2013 WL 1294488, at *3 (N.D.N.Y. Mar. 26, 2013) (citing *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir.1997)).

Magistrate Judge Hummel correctly found that there is no due process claim for the process of obtaining FOIL documents because Plaintiff lacks a property or liberty interest in the documents. *See Sharp v. Inc. Vill. of Farmingdale*, No. 16-CV-2994, 2017 WL 9485681, *14 (E.D.N.Y. Aug. 21, 2017) (quoting *Simpson v. Town of Southampton*, No. 06-CV-6743, 2007 WL 1755749, *4 (E.D.N.Y. June 15, 2007)). Further, an Article 78 proceeding for FOIL claims is adequate for due process purposes. *See Blount v. Brown*, No. 10-CV-01548, 2010 WL 1945858, at *2 (E.D.N.Y. May 11, 2010) ("[T]he procedures set forth under New York law are sufficient to protect any property interest that a person might have in the receipt of FOIL documents").

To the extent Plaintiff sought to allege an equal protection claim, Plaintiff failed to do so as Plaintiff did not plead that he, "'compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race ... to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person[.]'" *Knighton v. City of Syracuse Fire Dep't*, 145 F. Supp. 2d 217, 222–23 (N.D.N.Y. 2001) (quoting *Laverpool v. New York City Transit Auth.,* 835 F. Supp. 1440, 1459 (E.D.N.Y. 1993) (quotation marks omitted)).

For *pro se* plaintiffs appearing IFP,

> [a]lthough the language of § 1915 is mandatory, stating that "the court shall dismiss the case" in the enumerated circumstances, we conclude that a *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.

*Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). "[M]otions to amend should be granted freely in the interests of justice, [and] a *pro se* complaint generally should not be

5

dismissed without granting the plaintiff leave to amend at least once." *Id.*; *see also Romano v. Lisson*, 711 Fed. Appx. 17, 19 (2d Cir. 2017). As Plaintiff cannot cure the Court's lack of subject matter jurisdiction, the complaint is dismissed without leave to amend.

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that the Report-Recommendation and Order (Dkt. No. 12) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without leave to amend**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 28, 2023
       Albany, New York

*[Signature]*
Mae A. D'Agostino
U.S. District Judge